# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Vongphachanh Siridavong

June 3, 1999

Case No. (Criminal) 86700

BY JUDGE DAVID T. STITT

This matter comes before the Court on Defendant Vongphachanh Siridavong's Petition for Writ of Error Coram Vobis. Defendant seeks to modify a January 1995 judgment, relying on Va. Code §§ 8.01-677 and 17.1-513. The Court has reviewed the Petition for Writ of Error Coram Vobis, the Commonwealth's Brief in Opposition, as well as the court's file in Criminal No. 86700, and rules as follows.

The writ of coram vobis, which is authorized by Va. Code § 8.01-677, is analogous to a motion for a new trial but on a ground not known in the original trial. *Dobie v. Commonwealth*, 198 Va. 762, 96 S.E.2d 747 (1957). A writ of error coram vobis lies where there is an "error of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court would have prevented rendition of the judgment. It does not lie for newly-discovered evidence or newly-arising facts or facts adjudicated on the trial." *Dobie*, 198 Va. at 769, 96 S.E.2d at 752.

Defendant asks the Court to amend a final order based on the unanticipated consequence of deportation, arguing that such consequence was unknown to the Defendant, his counsel, and the Court at the time of Defendant's plea of guilty.

Defendant alleges that on January 13, 1995, he entered a plea of guilty to Grand Larceny and was sentenced to serve two years. The Court suspended two years of the sentence, conditioned on Defendant's good behavior, and placed Defendant on active probation for two years, ordered restitution and

community service. On the recommendation of the Virginia Division of Probation and Parole, this Court terminated Defendant's active probation six months early.

Defendant now asks the Court to modify the 1995 order because he recently learned that he will be deported from the United States under Immigration and Nationality Act § 238, 8 U.S.C. § 1228, due to retroactive application of an immigration law that was enacted more than a year after Defendant's conviction and sentencing. Although Defendant was a lawful permanent resident of the United States at the time he committed his offense, as an alien convicted of an "aggravated felony," Defendant is conclusively presumed to be deportable from the United States. Defendant contends that had he known that entering a plea of guilty to Grand Larceny would cause him to be deported, he either would have gone to trial or entered a plea of guilty to Petit Larceny.

Defendant asks the Court to modify the Final Order as a matter of equity based on extraordinary and unanticipated consequences. However, a writ of error coram vobis must relate to facts not before the Court but *in existence at the time the judgment was rendered.* Here, Defendant alleges facts that were not in existence at the time of trial. A writ of error coram vobis does not lie for newly-discovered evidence or newly-arising facts, such as an unanticipated consequence which arose after the judgment was rendered. *Dobie,* 198 Va. at 769, 96 S.E.2d at 752 (citations omitted).

Accordingly, the Petition for Writ of Error Coram Vobis is denied.